United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 03-20071

_____

(Summary Calendar)

_____

THOMAS BOLIN,

Plaintiff - Counter-Defendant - Appellant,

versus

LIBERTY MUTUAL INSURANCE CO,

Defendant - Counter-Claimant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
H-01-CV-4437

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas Bolin, the plaintiff, appeals the district court's grant of summary judgment in favor

of Liberty Mutual Insurance Company ("Liberty"), the defendant. Bolin sued Liberty for breach of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the duty of good faith and fair dealing for its alleged delay in approving surgery for his workers' compensation injury, and sought compensatory and punitive damages. He also sought a formal declaration of Liberty's liability under the Declaratory Judgment Act.

In 1993, Bolin suffered an injury to his left foot and other parts of his body in the course and scope of his employment. In 1998, Bolin began having troubles with his right foot that were caused by the natural progression of his original injury. His treating physician, Dr. Bishop, recommended surgery to treat the problem. Dr. Bishop sought preauthorization for the surgery in December 1999. Liberty sent the request through two independent rounds of peer review, but denied preauthorization each time because the reviewing physicians were unable to obtain enough information from Dr. Bishop to conclude the surgery was necessary. In July 2000, Liberty voluntarily authorized the surgery. In October 2000, Dr. Bishop performed the surgery, but Bolin contends that he now suffers from permanent nerve damage in his right foot as a result of the delay.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as matter of law." FED. R. CIV. P. 56(c). We have reviewed *de novo* the district court's judgment, the record, and the briefs, and find no error in the district court's judgment.

Under Texas law, an insurer breaches its duty of good faith and fair dealing if it denies a claim when it is reasonably clear that it is liable or if it fails to reasonably investigate a claim. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Under Texas's workers' compensation scheme, however, a preauthorization/concurrent review system was established to assess certain types of treatment recommendations, including surgery. If preauthorization is required for a treatment, an insurer is not liable for that treatment unless it preauthorizes the treatment or the Texas Workers'

Compensation Commission ("TWCC") orders the treatment. TEX. LAB. CODE ANN. § 413.014.

Bolin has not shown that Liberty did anything more than follow the required preauthorization procedures. To the extent that Bolin is arguing that the fact that his injury was compensable means that Liberty was without power to review Dr. Bishop's recommended treatment, he is incorrect. In addition, Bolin did not take the steps necessary to dispute Liberty's decision with the TWCC. The absence of a preauthorization order from either Liberty or the TWCC meant that Liberty was not liable for the surgery. *Id.* Thus, Bolin has failed to show that Liberty's liability for the surgery was reasonably clear, and there is no genuine issue of material fact as to whether Liberty breached its duty of good faith and fair dealing. *Giles*, 950 S.W.2d at 56.

For the foregoing reasons, the district court's judgment is AFFIRMED.

AFFIRMED.